| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Barry S. Glaser, State Bar No. 70968<br>bglaser@swesq.com<br>Jacquelyn H. Choi, State Bar No. 211560<br>jchoi@swesq.com<br>STECKBAUER WEINHART, LLP<br>333 S. Hope Street, 36th Floor<br>Los Angeles, California 90071<br>213.229.2868 - Telephone<br>213.229.2870 - Facsimile<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>  BRIGITTE LYN LAMONTE, | CASE NO.: 6:19-BK-14124-WJ<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: 07/03/2019<br>TIME:  2:30 p.m.<br>COURTROOM: 304 |

| **Movant:**  SAN BERNARDINO COUNTY TREASURER -- TAX COLLECTOR |
|---|

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  06/04/2019

STECKBAUER WEINHART, LLP
Printed name of law firm (if applicable)

BARRY S. GLASER
Printed name of individual Movant or attorney for Movant


/s/ Barry S. Glaser
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*):
   holder of secured statutory real property tax liens.

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: SEE ATTACHED
   *Unit/suite number*:
   *City, state, zip code*:

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _____):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary   bankruptcy petition under chapter   ☐ 7 ☐ 11 ☐ 12 ☒ 13
   was filed on (*date*)  _05/11/2019_ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

       (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☒ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                          Page 3                                          **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D**_eclaration(s) MUST be signed under penalty of perjury and attached to this motion_**)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
Declaration of Kelly R. McKee, and concurrently filed Request for Judicial Notice with attached documents.

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☒ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date:  06/04/2019

STECKBAUER WEINHART, LLP
_____
Printed name of law firm (*if applicable*)
BARRY S. GLASER
_____
Printed name of individual Movant or attorney for Movant

/s/ Barry S. Glaser
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Kelly R. McKee _____ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): Tax Sale Manager for moving Party, the County of San Bernardino Treasurer-Tax Collector

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒ Other (*see attached*):
   I am one of the custodians of the books, records and files of Movant that pertain to real property taxes owed on the Property.

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify*): holder of statutory secured real property tax liens.

4. a. The address of the Property is:

   *Street address*: SEE ATTACHED
   *Unit/suite no.*:
   *City, state, zip code*:

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

    a. ☒ Debtor's principal residence      b. ☒ Other residence
    c. ☐ Multi-unit residential      d. ☐ Commercial
    e. ☐ Industrial      f. ☒ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☐ Other (*specify*):

    e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

    f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

        The deed was recorded on (*date*) _____.

7. Movant holds a ☐ deed of trust ☐ judgment lien ☒ other (*specify*) __secured statutory real property tax liens__
   that encumbers the Property.

    a. ☐ A true and correct copy of the document as recorded is attached as Exhibit _____.

    b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _____.

    c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

    h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) _____ or ☐ none recorded.

    b. Notice of sale recorded on (*date*) _____ or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d.  The fair market value of the Property is $_____, established by:

        (1) ☐  An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐  A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐  A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐  Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐  Preliminary title report.

        (2) ☐  Relevant portions of the Debtor's schedules.

        (3) ☐  Other (*specify*):

    g. ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐  **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*             Page 8           **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                      $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:              $[                    ]

TOTAL POSTPETITION DELINQUENCY:          $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 9                          **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name: In re Brigitte Lyn Lamonte _____
         Chapter: _7___    Case number: _6:96-bk-31622-RA____
         Date dismissed: _02/24/1997__    Date discharged: _____    Date filed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      2. Case name: In re Brigitte Lyn Lamonte _____
         Chapter: _7___    Case number: _6:16-bk-17364-SC____
         Date dismissed: _09/14/2016__    Date discharged: _____    Date filed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      3. Case name: _____
         Chapter: _____    Case number: _____
         Date dismissed: _____    Date discharged: _____    Date filed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 10                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

06/04/2019          Kelly R. Mckee
_____     _____          _____
Date                *Printed name*                            *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 11                    **F 4001-1.RFS.RP.MOTION**

## ATTACHMENT

Twenty-Nine (29) Properties at Issue:

**PROPERTY 1.:**
Street address: 9 Fredalba Rd.
Unit/suite number:
City, state, zip code: Running Springs, CA 92382 (APN 0296-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)

Legal description:
Ptn Nw 1/4 Sec 6 Tp 1N R 2W And Ptn Blk A Assessors Map No 10 Lying Within Sw 1/4 Sec 6
Tp 1N R 2W Desc As Com At W 1/4 Cor Sd Sec Th S 00 Deg 03 Min 12 Seconds E Alg W Li
Sd Sw 1/4 Sd Sec 25.55 Ft To Sw Cor Sd Blk A Th E Alg S Li Sd Blk A 466.03 Ft To True Pob
Th Cont E Alg S Li Sd Blk A 86.10 Ft Th N 13 Deg 05 Min 50 Seconds E 94.61 Ft Th N 16 Deg
25 Min 59 Seconds E 28.45 Ft To Nw Cor Of Land Desc In Book 686 Page 229 Of Deeds Th N
10 Deg 28 Min 06 Seconds E 38 Ft Alg E Li Of Land Desc In Book 737 Page 182 Of Deeds To
Ne Cor Sd Land Th N 46 26 Min 54 Seconds W Alg Nly Li Sd Land 21.58 Ft Th S 33 Deg 13
Min 06 Seconds W 24.69 Ft Th S 31 Deg 42 Min 52 Seconds W 177.53 Ft To True Pob *****
5-20-94 #94-231824 Cc *****

Name of the Debtor's interest in the Property: Heritage Equity Trust
Delinquent Taxes as of Petition Date: $4,272.70
STATUS: SOLD

**PROPERTY 2.:**
Street address: 12273 Overcrest Dr.
Unit/suite number:
City, state, zip code: Yucaipa, CA 92399 (APN 0300-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)

Legal description:
Sub No 5 Of A Part Of Dunlap Ranch Ptn Blk 1 Com At C/L Intersection Overcrest Dr And
Yucaipa Blvd Th N 14 Deg 44 Min 30 Seconds W 990.87 Ft Th N 85 Deg 15 Min 30 Seconds E
20.31 Ft To A Pt On E Li Overcrest Dr Sd Pt Being True Pob Th N 85 Deg 15 Min 30 Seconds E
141.97 Ft Th N 82 Deg 32 Min 30 Seconds E 134.56 Ft To Sw Cor Sd Lot 4 Of Tr No 4108 Th
N 20 Deg 45 Min W 30.85 Ft Th N 8 Deg 41 Min 30 Seconds W 110.43 Ft Th N 27 Deg 08 Min
15 Seconds W 126.28 Ft Th N 71 Deg 28 Min 15 Seconds W 229.93 Ft To A Pt On E Li Sd
Overcrest Dr Sd Pt Lying On A Curve Concave To E Whose Rad Is 500.87 Ft And Whose Initial
Tangent Bears S 13 Deg 56 Min 45 Seconds W Th Sly Alg Sd Curve 250.78 Ft Thru An Angle
Of 28 Deg 41 Min 15 Seconds To End Of Sd Curve Th

Name of the Debtor's interest in the Property: Guardian Angel Family Trust
Delinquent Taxes as of Petition Date: $34,079.63
STATUS: SOLD

**PROPERTY 3.:**
Street address: 12029 Bryant St.

Unit/suite number:
City, state, zip code: Yucaipa, CA 92399 (APN 0322-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)

Legal description:
Revised Map Of Yucaipa City Ptn Blk 50 Com At A Pt In W Li Sd Blk 72.75 Ft N Of Sw Cor
Being At Intersection Cen Li Of Bryant St And Cen Li Acacia St Th E Parallel With N Li Sd Blk
248 Ft Th N Parallel With W Li Sd Blk 60 Ft Th W Parallel With N Li Sd Blk To W Li Sd Blk
Th S Alg W Li Sd Blk 60 Ft To Pob

Name of the Debtor's interest in the Property: Lamonte, Brigitte Lyn
Delinquent Taxes as of Petition Date: $26,860.06
STATUS: SOLD

## PROPERTY 4.:
Street address: 12035 Bryant St.
Unit/suite number:
City, state, zip code: Yucaipa, CA 92399 (APN 0322-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)

Legal description:
Revised Map Of Yucaipa City Ptn Blk 50 Com At Sw Cor Sd Blk Being At The Intersection Cen
Li Bryant St And Acacia St Th N Alg W Li Sd Blk 72.75 Ft Th E Parallel With N Li Sd Blk 248
Ft Th S Parallel With W Li Sd Blk 21.13 Ft M/L To Sly Li Sd Blk Th S 71 Deg 52 Min W
165.87 Ft M/L To S Li Sd Blk Th W Alg S Li To Pob Ex Sts

Name of the Debtor's interest in the Property: Lamonte, Brigitte Lyn
Delinquent Taxes as of Petition Date: $9,485.01
STATUS: SOLD

## PROPERTY 5.:
Street address: 35364 Yucaipa Blvd.
Unit/suite number:
City, state, zip code: Yucaipa, CA 92399 (APN 0322-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)

Legal description:
Condominium Unit 4 Lot 16 And 1/4 Int In Common Area Lots 16 And 17 Blk 71 Por Revised
Map Of Yucaipa City As Defined In Condominium Plan Recorded In Bk 8344 Pg 761 O R

Name of the Debtor's interest in the Property: Heritage Equity Trust
Delinquent Taxes as of Petition Date: $14,116.87
STATUS: SOLD

## PROPERTY 6.:
Street address: 302 Hemlock Dr.
Unit/suite number:
City, state, zip code: Lake Arrowhead, CA 92352 (APN 0331-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)

Legal description:
Tract No 2285 Arrowhead Woods Tract No 72 Lot 73

Name of the Debtor's interest in the Property: Heritage Equity Trust
Delinquent Taxes as of Petition Date: $34,353.97
STATUS: SOLD

**PROPERTY 7.:**
Street address: 853 N Arrowhead Ave
Unit/suite number:
City, state, zip code: Arrowhead Farms, CA 92407 (APN 0332-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)

Legal description:
Tr No 2195 Arrowhead V1llas Un1t No 3 Lot 789

Name of the Debtor's interest in the Property: Q.U.A.T. Equity
Delinquent Taxes as of Petition Date: $22,483.53
STATUS: SOLD

**PROPERTY 8.:**
Street address: Vacant Land (APN 0496-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 Ne 1/4 Nw 1/4 Se 1/4 Sec 36 Tp 10N R 4W 5 Ac

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $2,559.93
STATUS: NOT SOLD

**PROPERTY 9.:**
Street address: Vacant Land (APN 0493-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)
Unit/suite number:
City, state, zip code:

Legal description:
E 1/2 Sw 1/4 Nw 1/4 Sw 1/4 Sec 29 Tp 9N R 5W

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $1,822.11
STATUS: NOT SOLD

**PROPERTY 10.:**
Street address: Vacant Land (APN 0496-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)
Unit/suite number:

City, state, zip code:

Legal description:
S 3/4 E 1/2 E 1/2 Se 1/4 Sec 5 Tp 10N R 4W 30 Ac

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $4,257.43
STATUS: SOLD

**PROPERTY 11.:**
Street address: Vacant Land (APN 0496-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 Nw 1/4 Ne 1/4 Se 1/4 Sec 36 Tp 10N R 4W 5 Ac

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $2,559.93
STATUS: NOT SOLD

**PROPERTY 12.:**
Street address: Vacant Land (APN 3128-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)
Unit/suite number:
City, state, zip code:

Legal description:
Parcel Map 6158 Parcel 2

Name of the Debtor's interest in the Property: Triangle H 312813117
Delinquent Taxes as of Petition Date: $5,873.22
STATUS: SOLD

**PROPERTY 13.:**
Street address: 71824 Cove View Rd.
Unit/suite number:
City, state, zip code: Twentynine Palms, CA 92277 (APN 0611-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)

Legal description:
S 1/2 Se 1/4 Nw 1/4 Ne 1/4 Sec 13 Tp 1N R 8E Ex Mnl Rts

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $4,189.28
STATUS: SOLD

**PROPERTY 14.:**

Street address: Vacant Land (APN 0490-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 Se 1/4 Sec 20 Tp 11N R 4W 80 Ac

Name of the Debtor's interest in the Property: Triangle H 049009119
Delinquent Taxes as of Petition Date: $34,200.02
STATUS: NOT SOLD

## **PROPERTY 15.:**
Street address: Vacant Land (APN 0490-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)
Unit/suite number:
City, state, zip code:

Legal description:
S 1/2 Ne 1/4 Ne 1/4 Sec 12 Tp 11N R 5W Ex Mnl Rts Reservation Of Record 20 Ac

Name of the Debtor's interest in the Property: Triangle H 049023139
Delinquent Taxes as of Petition Date: $3,674.24
STATUS: SOLD

## **PROPERTY 16.:**
Street address: Vacant Land (APN 0490-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 Nw 1/4 Sec 11 Tp 11N R 5W Ex 1/4 Int Min Rts 80 Ac

Name of the Debtor's interest in the Property: Triangle H 049023125
Delinquent Taxes as of Petition Date: $9,592.37
STATUS: SOLD

## **PROPERTY 17.:**
Street address: Vacant Land (APN 0490-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)
Unit/suite number:
City, state, zip code:

Legal description:
E 1/2 E 1/2 Lot 1 Of Nw 1/4 Sec 2 Tp 11N R 5W 20 Ac

Name of the Debtor's interest in the Property: Triangle H 049024120
Delinquent Taxes as of Petition Date: $3,674.24
STATUS: SOLD

**PROPERTY 18.:**
Street address: Vacant Land, Outpost, Joshua Tree, CA 92252 (APN 0602-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)
Unit/suite number:
City, state, zip code:

Legal description:
Record Of Survey Recorded In Bk 17 Pg 58 Of Ptn W 1/2 Se 1/4 Sec 35 Tp 1N R 6E That Ptn
Par No 1 Of Sd Record Survey Desc As Com At Swly Cor Par No 1 Th N 0 Deg 20 Min 45
Seconds E 134.47 Ft To A Pt On A Non Tangent Curve Concave Sely Which Bears From Radius
Pt N 78 Deg 16 Min 59 Seconds W A Distance Of 700 Ft Th Nely Alg Sd Curve Thru A Central
Angle Of 07 Deg 41 Min 42 Seconds A Distance Of 86.48 Ft To True Pob Th Cont Nely Alg Sd
Curve Thru A Central Angle Of 07 Deg 04 Min 43 Seconds Distant Thereon 86.48 Ft Th Radial
To Sd Curve S 64 Deg 07 Min 34 Seconds E 168.20 Ft Th S 26 Deg 25 Min 06 Seconds W
66.12 Ft Th On A Li Radial To The True Pob And N 71 Deg 12 Min 17 Seconds W 163.48 Ft To
True Pob .30 Ac M/L

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $4,714.68
STATUS: NOT SOLD

**PROPERTY 19.:**
Street address: Vacant Land (APN 0515-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 Se 1/4 Se 1/4 Se 1/4 Sec 11 Tp 9N R 2E 5 Ac M/L

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $1,495.61
STATUS: SOLD

**PROPERTY 20.:**
Street address: Vacant Land (APN 0504-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)
Unit/suite number:
City, state, zip code:

Legal description:
Sw 1/4 Ne 1/4 Sec 9 Tp 31S R 42 E Ex Sw 1/4 Sw 1/4 Ne 1/4

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $2,707.65
STATUS: SOLD

**PROPERTY 21.:**

Street address: 41239 Coventry Rd.
Unit/suite number:
City, state, zip code: Newberry Springs, CA 92365 (APN 0515-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)

Legal description:
N 1/2 Ne 1/4 Sw 1/4 Sec 10 Tp 9N R 2E

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $6,995.12
STATUS: SOLD

## PROPERTY 22.:
Street address: Vacant Land (APN 0504-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)
Unit/suite number:
City, state, zip code:

Legal description:
Sw 1/4 Sw 1/4 Ne 1/4 Sec 9 Tp 31S R 42E

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $1,674.42
STATUS: SOLD

## PROPERTY 23.:
Street address: Vacant Land (APN 0504-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)
Unit/suite number:
City, state, zip code:

Legal description:
Sw 1/4 Se 1/4 Ne 1/4 Of Sec 9 Tp 31S R 42E Ex Mnl Rts Reservation Of Record 10 Ac M/L

Name of the Debtor's interest in the Property: Lamonte, Mgr Brigitte
Delinquent Taxes as of Petition Date: $1,674.52
STATUS: SOLD

## PROPERTY 24.:
Street address: Vacant Land (APN 0502-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)
Unit/suite number:
City, state, zip code:

Legal description:
Se 1/4 Se 1/4 Se 1/4 Sec 33 Tp 32S R 43E Mdm Ex Mnl Rts Reservation Of Record

Name of the Debtor's interest in the Property: Once Upon A Time Equity Trust
Delinquent Taxes as of Petition Date: $2,220.68
STATUS: SOLD

**PROPERTY 25.:**
Street address: Vacant Land (APN 0502-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)
Unit/suite number:
City, state, zip code:

Legal description:
S 1/2 Gov Lots 1 And 2 Sw 1/4 Sec 7 Tp 32S R 43E Mdm Ex Mnl Rts Reservation Of Record
73.705 Ac M/L

Name of the Debtor's interest in the Property: Once Upon A Time Equity Trust
Delinquent Taxes as of Petition Date: $6,737.18
STATUS: SOLD

**PROPERTY 26.:**
Street address: Vacant Land, 42829 Harper Lake Rd. (APN 0490-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)
Unit/suite number:
City, state, zip code: Hinkley, CA 92347

Legal description:
W 1/2 Sec 20 Tp 11N R 4W 320 Ac

Name of the Debtor's interest in the Property: Triangle H 049009109
Delinquent Taxes as of Petition Date: $89,561.29
STATUS: NOT SOLD

**PROPERTY 27.:**
Street address: Vacant Land (APN 0606-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)
Unit/suite number:
City, state, zip code:

Legal description:
Tract 3624 Lot 72

Name of the Debtor's interest in the Property: Triangle H 060610201
Delinquent Taxes as of Petition Date: $13,591.83
STATUS: SOLD

**PROPERTY 28.:**
Street address: Botkin Rd.
Unit/suite number:
City, state, zip code: Landers, CA 92285 (APN 0630-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)

Legal description:
W 1/2 Sw 1/4 Sw 1/4 Ne 1/4 Sec 6 Tp 2N R 6E Ex Mnl Rts As Reserved By Usa 5 Ac

Name of the Debtor's interest in the Property: Triangle H 063006227
Delinquent Taxes as of Petition Date: $6,004.26
STATUS: SOLD

**PROPERTY 29.:**
Street address: Vacant Land (APN 0648-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)
Unit/suite number:
City, state, zip code:

Legal description:
W 1/2 E 1/2 Nw 1/4 Se 1/4 And E 1/2 W 1/2 Nw 1/4 Se 1/4 Sec 16 Tp 4N R 23E Ex Mnl Rts As
Reserved By State Of Calif

Name of the Debtor's interest in the Property: Triangle H 064823125
Delinquent Taxes as of Petition Date: $3,124.28
STATUS: SOLD

1  Barry S. Glaser, State Bar No. 70968
   bglaser@swesq.com
2  Jacquelyn H. Choi, State Bar No. 211560
   jchoi@swesq.com
3  **STECKBAUER WEINHART, LLP**
   333 S. Hope Street, 36th Floor
4  Los Angeles, California 90071
   213.229.2868 - Telephone
5  213.229.2870 – Facsimile

6  Attorneys for San Bernardino County Treasurer –
   Tax Collector

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                     **RIVERSIDE DIVISION**

11 | In re | Case No. 6:19-bk-14124-WJ |

12 | | Chapter 13 |

13 | BRIGITTE LYN LAMONTE, | **MOTION FOR (1) ENTRY OF ORDER CONFIRMING THAT THE AUTOMATIC** |

14 | | **STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, (2) RELIEF FROM THE** |

15 | | **AUTOMATIC STAY *NUNC PRO TUNC* FOR "CAUSE" PURSUANT TO 11 U.S.C.** |

16 | Debtor. | **§ 362(D)(1); MEMORANDUM OF POINTS AND AUTHORITIES; AND** |

17 | | **DECLARATIONS OF KELLY R. MCKEE IN SUPPORT THEREOF** |

18 | | [Form Notice of Motion and Motion For Relief |

19 | | From The Automatic Stay Pursuant to 11 U.S.C. § 362 and Request for Judicial Notice |

20 | | filed concurrently herewith] |

21 | | Hearing Date: |

22 | | Date:  July 3, 2019
Time: 2:30 p.m. |

23 | | Place: Courtroom 304
        3420 Twelfth Street |

24 | | Riverside, CA 92501 |

25

26        **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY**

27 **JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE UNITED STATES TRUSTEE AND**

28 **TO ALL INTERESTED PARTIES:**

20030.055/4810-7118-5560.1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND FACTS ......................................................................................2

    A.     The Debtor's Prior Bankruptcy Cases ......................................................2

    B.     The Debtor's Current Bankruptcy Case .....................................................2

III.    RELIEF REQUESTED .........................................................................................4

IV.     THE AUTOMATIC STAY IMPOSED UNDER SECTION 362(A) DOES NOT
    APPLY TO THE COUNTY'S TAX SALES BECAUSE THE DEBTOR LOST
    ALL LEGAL AND EQUITABLE RIGHTS IN AND TO THE PROPERTIES ..................5

V.      IN THE ALTERNATIVE, THIS COURT SHOULD GRANT RETROACTIVE
    RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §
    362(D)(1) FOR "CAUSE" ...................................................................................6

VI.     CONCLUSION ....................................................................................................8

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ellis v. Parr (In re Ellis),*
    60 B.R. 432 (B.A.P. 9th Cir. 1985) ........................................................................... 7

*Gruenbaum v. Bankers Trust Co. (In re Goldstein),*
    5 Fed. Appx. 757 (9th Cir. 2001) .............................................................................. 6

*MacDonald v. MacDonald (In re MacDonald),*
    755 F.2d 715 (9th Cir. 1986) ..................................................................................... 6

*Mataya v. Kissinger (In re Kissinger),*
    72 F.3d 107 (9th Cir. 1995) ....................................................................................... 7

*Pan American Bank of Los Angeles v. Mallas Enterprises, Inc. (In re Mallas Enterprises, Inc).,*
    37 B.R. 964 (B.A.P. 9th Cir. 1984) ........................................................................... 7

## STATUTES

11 U.S.C. § 362(a) ........................................................................................................ 2, 4, 6, 8

11 U.S.C. § 362(d) ................................................................................................................... 7

11 U.S.C. § 362(d)(1) ..................................................................................................... passim

11 U.S.C. § 362(g) ................................................................................................................... 6

California Revenue and Taxation Code
    § 3707 .................................................................................................................... 1, 4, 5

California Revenue and Taxation Code
    § 4101 ....................................................................................................................... 1, 5

California Revenue and Taxation Code
    § 3707(e) .................................................................................................................. 1, 6

California Revenue and Taxation Code
    § 4102 ....................................................................................................................... 1, 5

## RULES

Federal Rules of Bankruptcy Procedure
    Rule 4001(a)(3) .............................................................................................................. 8

**STECKBAUER WEINHART, LLP**
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1    The San Bernardino County Treasurer – Tax Collector (the "County") hereby submits its

2    Motion for (1) Entry Of Order Confirming That Automatic Stay Does Not Apply, Or, In The

3    Alternative, (2) Relief From the Automatic Stay <u>Nunc Pro Tunc</u> For "Cause" Pursuant to 11

4    U.S.C. § 362(d)(1) (the "Motion"), in the above-referenced bankruptcy filed by debtor Brigitte

5    Lyn LaMonte (the "Debtor"), as follows:

6                                          **I.**

7                                **<u>INTRODUCTION</u>**

8    On May 11, 2019 (the "Petition Date"), the Debtor initiated a chapter 13 bankruptcy

9    proceeding solely to halt the County's tax sales of the Debtor's real properties.  The Debtor and/or

10   various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29)

11   different properties located in San Bernardino County (collectively, the "Properties").  The Debtor

12   has been delinquent in paying her real property taxes since as early as 2012 with combined tax

13   delinquencies in the approximate amount of $360,000.00.  Therefore, the Debtor's Properties were

14   among the many parcels scheduled to be sold at the County's tax sales commencing on May 11,

15   2019 and ending May 17, 2019.  Of the 29 Properties, only seven (7) were not sold.

16   Under California law, a tax-defaulted property may be redeemed until the right of

17   redemption is terminated.  *See* California Revenue and Taxation Code ("RTC") § 4101.  In order

18   to redeem property, the total amount of all defaulted taxes must be paid prior, together with

19   penalties, costs and fees.  *See* RTC § 4102.  Moreover, termination of the redemption period, the

20   circumstances under which the right to redeem revives and when the sale is complete are governed

21   by Section 3707 of the California Revenue and Taxation Code.  Under this California statute, if

22   the tax-defaulted property is not redeemed ***<u>prior</u>*** to the redemption termination deadline, the record

23   owner of the property loses all rights in the property, including all "***<u>legal and equitable interest</u>***"

24   therein.  *See* RTC § 3707(e) (emphasis added).

25   In the circumstances presented here, the Debtor's right of redemption expired at 5:00 p.m.

26   (PST) on May 10, 2019, one (1) day prior to the Petition Date.  Therefore, at this time, the Debtor

27   lost all legal and equitable interest in the Debtor's Properties by the time she sought bankruptcy

28   protection.  Accordingly, by the time the County commenced the auction on May 11, 2019, these

**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel: 213.229.2868 • Fax 213.229.2870

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1    Properties were not the subject of the Debtor's bankruptcy estate.  Thus, the County was entirely

2    protected in pursuing its rights and remedies under applicable state law in its efforts to collect the

3    delinquent taxes owed by this Debtor as the automatic stay simply did not apply.

4        On May 13, 2019, however, the County received a written correspondence from the

5    Debtor's representative notifying the County that the Debtor was the record owner of the

6    Properties and to "cease all foreclosure actions".  The Debtor and her counsel are clearly mistaken

7    in this regard.  Notwithstanding the foregoing, out of abundance of caution and based upon the

8    Debtor's alleged threats that the County violated the stay, the County seeks the entry of a Court

9    order confirming that the automatic stay imposed under Section 362(a) is not applicable.

10        Alternatively, if this Court is not inclined to grant this relief, the County seeks retroactive

11    relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" so that the County can

12    uphold the statutorily authorized tax sale of the Properties, continue collecting the sale proceeds,

13    record the tax deeds with the County Recorder's Office, deliver title to the Properties to the bona

14    fide purchasers and take any and all measures to consummate the sale under applicable non-

15    bankruptcy law.  Given that the term "cause" is an intentionally broad and flexible concept that

16    permits the bankruptcy court, as a court of equity, to respond to inherently fact-sensitive

17    situations, the County respectfully requests that the Court grant the relief requested in this Motion.

18                                **II.**

19                        **BACKGROUND FACTS**

20    **A.    The Debtor's Prior Bankruptcy Cases**

21        1.    On December 18, 2016, the Debtor filed a chapter 7 bankruptcy case, which case

22    was immediately dismissed on February 26, 1997 (with a 180-day bar) for Debtor's failure to

23    appear at a creditors' meeting.

24        2.    On August 17, 2016, the Debtor filed a chapter 7 bankruptcy case which was

25    dismissed on September 14, 2016 for Debtor's failure to file certain information.

26    **B.    The Debtor's Current Bankruptcy Case**

27        3.    On May 11, 2019 (the "Petition Date"), the Debtor initiated a chapter 13

28    bankruptcy proceeding in an attempt to halt the County's tax sales of the Debtor's real

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

properties.

4.    The Debtor and/or various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29) properties which were subject to the County's tax sales, which transpired between May 11th through May 17th, 2019.  Of these 29 properties, seven (7) properties were not sold.  However, the County is authorized under state law to re-offer these unsold properties at the re-offer auction within 90 days of the original sale date, which is scheduled to take place starting August 3rd through August 9th, 2019.

Below is a chart describing the Properties that are the subject of this Motion along with the total amount of tax delinquencies as of the Petition Date as well as the status of the prior tax sales.

| APN | Property Address | Delinquent Taxes as of Petition Date | Status |
|---|---|---|---|
| 0296-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 | 9 Fredalba, Running Springs, CA 92382 | $4,272.70 | Sold |
| 0300-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 | 12273 Overcrest Drive, Yucaipa, CA 92399 | $34,079.63 | Sold |
| 0322-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 | 12029 Bryant Street, Yucaipa CA 92399 | $26,860.06 | Sold |
| 0322-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 | 12035 Bryant Street, Yucaipa CA 92399 | $9,485.01 | Sold |
| 0322-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 | 35364 Yucaipa Blvd., Yucaipa, CA 92399 | $14,116.87 | Sold |
| 0331-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 | 302 Hemlock Drive, Lake Arrowhead, CA 92353 | $34,353.97 | Sold |
| 0332-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 | 853 Arrowhead Villas Road, Arrowhead Villas, CA 92407 | $22,483.53 | Sold |
| 0490-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 | Vacant land, 42829 Harper Lake Rd., Hinkley, CA 92347 | $89,561.29 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $34,200.02 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $9,592.37 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0493-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 | Vacant land in San Bernardino County | $1,822.11 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $4,257.43 | Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |

| | | | |
|---|---|---|---|
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0502-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 | Vacant land in San Bernardino County | $6,737.18 | Sold |
| 0502-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 | Vacant land in San Bernardino County | $2,220.68 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.52 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.42 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $2,707.65 | Sold |
| 0515-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 | 41239 Coventry Rd., Newberry Springs, CA 92365 | $6,995.12 | Sold |
| 0515-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 | Vacant land in San Bernardino County | $1,495.61 | Sold |
| 0602-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 | Vacant land, Outpost, Joshua Tree, CA 92252 | $4,714.68 | Not Sold |
| 0606-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 | Vacant land in San Bernardino County | $13,591.83 | Sold |
| 0611-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 | 71824 Cove View Rd., Tweentynine Palms, CA 92277 | $4,189.28 | Sold |
| 0630-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 | Botkin Rd., Landers, CA 92285 | $6,004.26 | Sold |
| 0648-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 | Vacant land in San Bernardino County | $3,124.28 | Pending Sale |
| 3128-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 | Vacant land in San Bernardino County | $5,873.22 | Sold |

5.    On May 28, 2019, the Debtor filed her Schedules and listed all twenty-nine

Properties as part of her bankruptcy estate that are the subject of this Motion.  *See* Schedule A/B

[Docket No. 15].

**III.**

**RELIEF REQUESTED**

By this Motion, the County seeks the entry of an Order confirming that the automatic stay

imposed under Section 362(a) does not apply to the County's act of selling the Debtor's Properties

at the statutorily authorized tax sales pursuant to Section 3707 of the California Revenue and

Taxation Code.  In short, the Debtor's right of redemption clearly and unequivocally expired at

5:00 p.m. (PST) on May 10, 2019, one (1) day prior to the Petition Date.  Thus, at that moment,

the Debtor lost all legal and equitable rights in and to the Properties that are the subject of this

1  Motion.

2      In the alternative, in the event this Court is not inclined to grant the foregoing relief, the

3  County respectfully seeks the entry of an Order granting relief from the automatic stay ***nunc pro***

4  ***tunc*** to May 11, 2019 pursuant to Section 362(d)(1) of the Bankruptcy Code for "cause" in order

5  to exercise any and all of its non-bankruptcy rights, including, without limitation, upholding the

6  statutorily authorized tax sales of the Properties which took place between May 11, 2019 through

7  May 17, 2019, continuing with any collection efforts of the sale proceeds, recording the tax deeds

8  with the County Recorder's Office, delivering title to the Properties to the bona fide purchasers

9  and taking any and all measures to consummate the sale under applicable non-bankruptcy law.

10                                    **IV.**

11  **THE AUTOMATIC STAY IMPOSED UNDER SECTION 362(A) DOES NOT APPLY TO**

12      **THE COUNTY'S TAX SALES BECAUSE THE DEBTOR LOST ALL LEGAL AND**

13                **EQUITABLE RIGHTS IN AND TO THE PROPERTIES**

14      As demonstrated above, based upon the Debtor's deliberate failure to pay her property

15  taxes on time, the County is owed not less than $358,556.16 with regard to the twenty-nine (29)

16  Properties as of the Petition Date, which taxes continue to accrue penalties, interest, fees and costs

17  under state law until paid in full.  The Debtor had until 5:00 p.m. on May 10, 2019 to redeem the

18  Properties by paying all the delinquent taxes, penalties, interest and fees but the Debtor did not

19  exercise this right.  Thus, the County proceeded to its statutorily authorized auction between May

20  11, 2019 and May 17, 2019 and sold all but seven (7) of the Debtor's Properties.  The County will

21  have another opportunity to sell the Debtor's unsold properties at the next re-offer auction

22  scheduled to take place starting August 3rd through August 9th, 2019.

23      The law is clear that under California law, a tax-defaulted property may be redeemed until

24  the right of redemption is terminated.  *See* RTC § 4101.  In order to redeem property, the total

25  amount of all defaulted taxes must be paid prior, together with penalties, costs and fees.  *See* RTC

26  § 4102.  Moreover, termination of the redemption period, the circumstances under which the right

27  to redeem revives and when the sale is complete are governed by Section 3707 of the California

28  Revenue and Taxation Code.  Under this California statute, if the tax-defaulted property is not

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1  redeemed **_prior_** to the redemption termination deadline, the record owner of the property loses all

2  rights in the property, including all "**_legal and equitable interest_**" therein.  *See* RTC § 3707(e)

3  (emphasis added).

4      Based upon the fact that the Debtor's right of redemption expired at 5:00 p.m. (PST) on

5  May 10, 2019, one (1) day prior to the Petition Date, the Debtor lost all legal and equitable interest

6  in the Debtor's Properties before she sought bankruptcy protection.  Accordingly, the automatic

7  stay imposed under Section 362(a) simply does not apply under the circumstances of this case and

8  the County was legally authorized to proceed to the tax sale under applicable state law.

9  **V.**

10  **IN THE ALTERNATIVE, THIS COURT SHOULD GRANT RETROACTIVE RELIEF**

11  **FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) FOR "CAUSE"**

12      Section 362(d)(1) of the Bankruptcy Code permits a party in interest to obtain relief from

13  the automatic stay, for "cause," including lack of adequate protection, as follows:

14          On request of a party-in-interest and after notice and hearing, the
        Court shall grant relief from the stay provided under subsection (a)

15          of this section, such as by terminating, annulling, modifying, or

16          conditioning such stay –

17          (1) for cause, including lack of adequate protection of an interest in
        property of such party in interest.

18

19  *See* 11 U.S.C. § 362(d)(1).

20      The Bankruptcy Code does not define "cause" within the meaning of the statute, which

21  must be determined on a case by case basis.  *See e.g., Gruenbaum v. Bankers Trust Co. (In re*

22  *Goldstein),* 5 Fed. Appx. 757, 759 (9th Cir. 2001) ("Although Congress did not define 'cause' . . .

23  [the court] must make [its] determination on a case-by-case basis"); *MacDonald v. MacDonald (In*

24  *re MacDonald),* 755 F.2d 715, 717 (9th Cir. 1986) ("Cause" is an intentionally broad and flexible

25  concept that permits the bankruptcy court, as a court of equity, to respond to inherently fact-

26  sensitive situations").  Regardless of the type of "cause" asserted by the moving party, the debtor

27  or the trustee has the burden of showing that cause does not exist in the circumstances of the case

28  to terminate the automatic stay.  *See* 11 U.S.C. § 362(g); *see also, Ellis v. Parr (In re Ellis),* 60

**STECKBAUER WEINHART, LLP**
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1   B.R. 432, 435 (B.A.P. 9th Cir. 1985).  If the debtor cannot meet this burden, the secured creditor

2   must be granted relief from stay.  *See Pan American Bank of Los Angeles v. Mallas Enterprises,*

3   *Inc. (In re Mallas Enterprises, Inc).,* 37 B.R. 964, 967 (B.A.P. 9th Cir. 1984).

4       Moreover, in allowing a bankruptcy court to grant relief from the automatic stay "for

5   cause", such relief may include terminating, annulling, modifying, or conditioning such stay under

6   Section 362(d), including the power to grant retroactive relief from the stay.  *See Mataya v.*

7   *Kissinger (In re Kissinger),* 72 F.3d 107, 108-09 (9th Cir. 1995).  The County represents that in

8   this case, there is sufficient cause to grant retroactive relief from the automatic stay.

9       The Debtor has deliberately defaulted on paying her property taxes on twenty-nine

10  different properties since as early as 2012 resulting in unpaid taxes in the approximate amount of

11  $360,000.00.  It is clear that the Debtor subsequently (yet unsuccessfully) attempted to thwart the

12  County's tax sales by filing bankruptcy under the misguided assumption that the automatic stay

13  prevents the County's ability to sell the Properties under non-bankruptcy law.  Under these facts,

14  the County does not believe that the Debtor's bankruptcy was filed in good faith or in an attempt to

15  make a good-faith effort to restructure its debts and pay back creditors.

16      Furthermore, each of the buyers for the Properties that were sold at the County's auction

17  constitute bona fide purchasers and there would be extreme prejudice to both the County and the

18  buyers if this Court is not inclined to grant retroactive relief.  Clearly, under these circumstances,

19  this Court should find that regardless of the County's request for *retroactive* relief, there would

20  have been sufficient "cause" to grant relief from the automatic stay for the County to proceed to

21  the tax sale, had the County sought relief prior to undertaking the sales.

22      For these reasons, in the event this Court is not inclined to confirm that the automatic stay

23  does not apply to the County's tax sales under Section 362(a), the County respectfully requests that

24  this Court grant retroactive relief from the automatic stay for "cause" under Section 362(d)(1) so

25  that the County can uphold the tax sales which took place between May 11th through May 17th,

26  2019, collect any remaining sale proceeds, record the tax deeds, transfer title to the Properties to

27  each of the purchasers, and take any other necessary actions under non-bankruptcy law to

28  consummate the sale.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

1

## VI.

2

## CONCLUSION

3    WHEREFORE, the County respectfully requests that the Court enter an Order: (i)

4  confirming that the automatic stay under Section 362(a) of the Bankruptcy Code does not apply to

5  the County's tax sales which occurred between May 11th through May 17, 2019, or in the

6  alternative, (ii) granting retroactive relief from the automatic stay to May 11, 2019 pursuant to 11

7  U.S.C. § 362(d)(1) for "cause", in order for the County to uphold the tax sales, continue collecting

8  the sale proceeds, if any, recording the tax deeds with the County Recorder's Office, delivering

9  title to the Properties to the bona fide purchasers and taking any and all measures to consummate

10  the sale under applicable non-bankruptcy law; (iii) waiving the fourteen (14) day stay prescribed

11  in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and (iv) granting such other and

12  further relief as it deems just and proper.

13

14

Dated:  June 4, 2019                    Respectfully submitted,

15

16                                        **STECKBAUER WEINHART, LLP**

17

18                                        By:      /s/ Barry S. Glaser

19                                               Barry S. Glaser
                                          Attorneys for San Bernardino County Treasurer – Tax
20                                        Collector

21

22

23

24

25

26

27

28

**STECKBAUER WEINHART, LLP**
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

## DECLARATION OF KELLY R. MCKEE

I, Kelly R. McKee, declare as follows:

1.    I am the Tax Sale Manager for the San Bernardino County Treasurer and Tax Collector (the "County").  I submit this declaration in support of the County's *Motion for* (1) *Entry Of Order Confirming That Automatic Stay Does Not Apply, Or, In The Alternative,* (2) *Relief From the Automatic Stay* <u>*Nunc Pro Tunc*</u> *For "Cause" Pursuant to 11 U.S.C. § 362(d)(1)* (the "Motion").  I have personal knowledge of the matters which are stated herein and, if called upon as a witness, I could and would competently testify thereto.

2.    I am one of the custodians of the books, records and files of the County that pertain to the Property.  I have personally worked on these books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them upon my review of the County's records. These books, records and files were made at or about the time of the events recorded, and are maintained in the ordinary course of the County's business at or near the time of the actions, conditions or events to which they relate by a person who had personal knowledge of the event being recorded and has or had a business duty to record such event accurately.  A part of my responsibilities include calculating and analyzing the amount of secured and unsecured property taxes, including penalties, interest and other charges which are owed to the County and pursuing the collection of delinquent taxes.

3.    As the Tax Sale Manager for the County, I am aware that on or about May 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

4.    Based upon my review of the County's books and records, the Debtor and/or various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29) properties located in San Bernardino County.  Based upon the Debtor's tax delinquencies, each of the properties were eligible for a tax sale and were scheduled for public auction commencing on May 11, 2019 through May 17, 2019.

5.    Of these twenty-nine (29) properties that are the subject of this Motion, seven (7) properties were not sold.  However, the County is authorized under state law to re-offer these

unsold properties at the re-offer auction within 90 days of the original sale date, which is scheduled

to take place starting August 3rd through August 9th, 2019.

      6.     Below is a chart describing each of the Properties that are the subject of this Motion

along with the tax defaulted amounts representing the total sum of $358,556.16 as of the Petition

Date as well as the status of the recent sale:

| APN | Property Address | Delinquent Taxes as of Petition Date | Status |
|---|---|---|---|
| 0296-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 | 9 Fredalba, Running Springs, CA 92382 | $4,272.70 | Sold |
| 0300-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 | 12273 Overcrest Drive, Yucaipa, CA 92399 | $34,079.63 | Sold |
| 0322-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 | 12029 Bryant Street, Yucaipa CA 92399 | $26,860.06 | Sold |
| 0322-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 | 12035 Bryant Street, Yucaipa CA 92399 | $9,485.01 | Sold |
| 0322-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 | 35364 Yucaipa Blvd., Yucaipa, CA 92399 | $14,116.87 | Sold |
| 0331-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 | 302 Hemlock Drive, Lake Arrowhead, CA 92353 | $34,353.97 | Sold |
| 0332-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 | 853 Arrowhead Villas Road, Arrowhead Villas, CA 92407 | $22,483.53 | Sold |
| 0490-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 | Vacant land, 42829 Harper Lake Rd., Hinkley, CA 92347 | $89,561.29 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $34,200.02 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $9,592.37 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0493-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 | Vacant land in San Bernardino County | $1,822.11 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $4,257.43 | Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0502-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 | Vacant land in San Bernardino County | $6,737.18 | Sold |
| 0502-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 | Vacant land in San Bernardino County | $2,220.68 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.52 | Sold |

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

| # | | | | |
|---|---|---|---|---|
| 1 | 0504-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 | Vacant land in San Bernardino County | $1,674.42 | Sold |
| 2 | 0504-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 | Vacant land in San Bernardino County | $2,707.65 | Sold |
| 3 | 0515-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 | 41239 Coventry Rd., Newberry Springs, CA 92365 | $6,995.12 | Sold |
| 4 | | | | |
| 5 | 0515-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 | Vacant land in San Bernardino County | $1,495.61 | Sold |
| 6 | 0602-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 | Vacant land, Outpost, Joshua Tree, CA 92252 | $4,714.68 | Not Sold |
| 7 | 0606-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 | Vacant land in San Bernardino County | $13,591.83 | Sold |
| 8 | 0611-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 | 71824 Cove View Rd., Tweentynine Palms, CA 92277 | $4,189.28 | Sold |
| 9 | 0630-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 | Botkin Rd., Landers, CA 92285 | $6,004.26 | Sold |
| 10 | 0648-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 | Vacant land in San Bernardino County | $3,124.28 | Pending Sale |
| 11 | 3128-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 | Vacant land in San Bernardino County | $5,873.22 | Sold |

7.     On May 13, 2019, the County received a written correspondence from the Debtor's representative notifying the County that the Debtor was the record owner of the Properties and to "cease all foreclosure actions". A true and correct copy of such correspondence is attached hereto as **Exhibit "A"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 4, 2019, at San Bernardino, California.

Kelly R. McKee

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

EXHIBIT "A"

**From:** Arthur Barreda [mailto:arthurbarreda@gmail.com]
**Sent:** Monday, May 13, 2019 8:32 AM
**To:** TaxSaleMail <TaxSaleMail@atc.sbcounty.gov>
**Subject:** Re: Notice of Bankruptcy Filing Attn: Kelly

Good morning,

Please be advised that Brigitte Lyn LaMonte filed for Chapter 13 bankruptcy relief on
05/11/2019 in the Central District of California, Los Angeles Division, Case No 6:19-bk-14124-
WJ. Brigitte Lyn LaMonte is the owner of the real properties attached in the previous email. As
such please cease all foreclosure actions against Brigitte Lyn LaMonte as her property is now
protected by the Bankruptcy Automatic Stay, *see* Title 11 U.S.C. Section 362.

Attached in this email is a copy of the Notice of Bankruptcy Filing with the Seal for your
records. Please confirm receipt of this email and confirmation that the properties will be
removed from auction.

Thank you,
Arthur

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 S. Hope Street, 36th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):

**(1)  NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY);**

**(2)  MOTION FOR (1) ENTRY OF ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, (2) RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC* FOR "CAUSE" PURSUANT TO 11 U.S.C. § 362(D)(1); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF KELLY R. MCKEE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 5, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rod Danielson (TR)    notice-efile@rodan13.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) June 5, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Debtor, In Pro Per***
Brigitte Lyn LaMonte
35364 Yucaipa Blvd
Yucaipa, CA 92399

Western Heights Water Company
32352 Avenue D
Yucaipa, CA 92399

Yucaipa Green Valley Condominiums
c/o California Association of
Homeowners Associations, Inc.
2377 Foothill Blvd. #13
Upland, CA 91786

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  June 5, 2019 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>Via Federal Express</u>**
Hon. Wayne Johnson
United States Bankruptcy Court
3420 Twelfth Street, Crtrm 304
Riverside, CA 92501

Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 5, 2019 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |