1  Barry S. Glaser, State Bar No. 70968
   bglaser@swesq.com
2  Jacquelyn H. Choi, State Bar No. 211560
   jchoi@swesq.com
3  **STECKBAUER WEINHART, LLP**
   333 S. Hope Street, 36th Floor
4  Los Angeles, California 90071
   213.229.2868 - Telephone
5  213.229.2870 – Facsimile

6  Attorneys for San Bernardino County Treasurer –
   Tax Collector

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| In re | Case No. 6:19-bk-14124-WJ |
|---|---|
| | Chapter 13 |
| BRIGITTE LYN LAMONTE, | **OPPOSITION TO CHAPTER 13 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KELLY R. MCKEE IN SUPPORT THEREOF** |
| Debtor. | Confirmation Hearing Date:<br>Date: July 3, 2019<br>Time: 2:30 p.m.<br>Place: Courtroom 304<br>        3420 Twelfth Street<br>        Riverside, CA 92501 |
| | 341(a) Meeting of Creditors Date:<br>Date: June 26, 2019<br>Time: 8:00 a.m.<br>Place: 3801 University Avenue<br>        RM 101<br>        Riverside, CA 92501 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:**

The San Bernardino County Treasurer – Tax Collector (the "County") hereby submits its Opposition to Chapter 13 Plan (the Opposition), in the above-referenced bankruptcy filed by debtor Brigitte Lyn LaMonte (the "Debtor"), as follows:

# I.

# **INTRODUCTION**

On May 11, 2019 (the "Petition Date"), the Debtor initiated a chapter 13 bankruptcy proceeding solely to halt the County's tax sales of the Debtor's real properties. The Debtor and/or various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29) different properties located in San Bernardino County (collectively, the "Properties"). The Debtor has been delinquent in paying her real property taxes since as early as 2012 with combined tax delinquencies in the approximate amount of $360,000.00. Therefore, the Debtor's Properties were among the many parcels scheduled to be sold at the County's tax sales commencing on May 11, 2019 and ending May 17, 2019. Of the 29 Properties, seven (7) were not sold. The County is authorized under state law to re-offer these unsold properties at the re-offer auction within 90 days of the original sale date, which is scheduled to take place starting August 3rd through August 9th, 2019.

Under California law, a tax-defaulted property may be redeemed until the right of redemption is terminated. *See* California Revenue and Taxation Code ("RTC") § 4101. In order to redeem property, the total amount of all defaulted taxes must be paid prior, together with penalties, costs and fees. *See* RTC § 4102. Moreover, termination of the redemption period, the circumstances under which the right to redeem revives and when the sale is complete are governed by Section 3707 of the California Revenue and Taxation Code. Under this California statute, if the tax-defaulted property is not redeemed ***prior*** to the redemption termination deadline, the record owner of the property loses all rights in the property, including all "***legal and equitable interest***" therein. *See* RTC § 3707(e) (emphasis added).

In the circumstances presented here, the Debtor's right of redemption expired at 5:00 p.m. (PST) on May 10, 2019, one (1) day prior to the Petition Date. Therefore, at this time, the Debtor lost all legal and equitable interest in the Debtor's Properties by the time she sought bankruptcy protection. Accordingly, by the time the County commenced the auction on May 11, 2019, these Properties were not the subject of the Debtor's bankruptcy estate. Thus, the County was entirely protected in pursuing its rights and remedies under applicable state law in its efforts to collect the

1  delinquent taxes owed by this Debtor as the automatic stay simply did not apply.

2      On May 13, 2019, however, the County received a written correspondence from the Debtor's representative notifying the County that the Debtor was the record owner of the Properties and to "cease all foreclosure actions".  The Debtor is clearly mistaken in this regard.  Notwithstanding the foregoing, out of abundance of caution and based upon the Debtor's alleged threats that the County violated the stay, the County filed a motion confirming that the automatic stay did not apply, or, in the alternative, for relief from stay nunc pro tunc for "cause", seeking the entry of a Court order confirming that the automatic stay imposed under Section 362(a) is not applicable.

    On May 28, 2019 (and again on June 5, 2019), the Debtor filed a Chapter 13 Plan (the "Plan") seeking to pay not more than $238.60 per month for 60 months on behalf of only 2 creditors for the total erroneous sum of $14,316.00.  This proposed Plan is not feasible, uncertain and is nonsensical.  The County is owed not less than approximately $360,000.00 as of the Petition Date and the Debtor has listed total combined debt in the amount of $346,833.26.  Moreover, the Debtor further seeks to modify the County's secured claim respecting just one (1) property with erroneous claim and valuation information and without attaching mandatory Court forms for a proposed modification.  Clearly, there are many deficiencies associated with this Plan, including issues of feasibility, the total amount of the County's claim and total disregard for the claims of other creditors listed in the Debtor's Schedules.

    Accordingly, the County respectfully requests that the Court deny confirmation of the Plan and grant such further relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

**A.**    **The Debtor's Prior Bankruptcy Cases**

1.    On December 18, 1996 the Debtor filed a chapter 7 bankruptcy case, which case was immediately dismissed on February 26, 1997 (with a 180-day bar) for Debtor's failure to appear at a creditors' meeting.

2.    On August 17, 2016, the Debtor filed a chapter 7 bankruptcy case which was

1  dismissed on September 14, 2016 for Debtor's failure to file certain information.

**B.    The Debtor's Current Bankruptcy Case**

3.    On May 11, 2019 (the "Petition Date"), the Debtor initiated a chapter 13 bankruptcy proceeding solely to halt the County's tax sales of the Debtor's real properties.

4.    The Debtor and/or various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29) properties which were subject to the County's tax sales, which transpired between May 11th through May 17th, 2019.  Of these 29 properties, seven (7) properties were not sold.  However, the County is authorized under state law to re-offer these unsold properties at the re-offer auction within 90 days of the original sale date, which is scheduled to take place starting August 3rd through August 9th, 2019.

Below is a chart describing the Properties that are the subject of the County's relief from stay motion along with the total amount of tax delinquencies as of the Petition Date as well as the status of the prior tax sales.

| APN | Property Address | Delinquent Taxes as of Petition Date | Status |
|---|---|---|---|
| 0296-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 | 9 Fredalba, Running Springs, CA 92382 | $4,272.70 | Sold |
| 0300-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 | 12273 Overcrest Drive, Yucaipa, CA 92399 | $34,079.63 | Sold |
| 0322-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 | 12029 Bryant Street, Yucaipa CA 92399 | $26,860.06 | Sold |
| 0322-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 | 12035 Bryant Street, Yucaipa CA 92399 | $9,485.01 | Sold |
| 0322-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 | 35364 Yucaipa Blvd., Yucaipa, CA 92399 | $14,116.87 | Sold |
| 0331-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 | 302 Hemlock Drive, Lake Arrowhead, CA 92353 | $34,353.97 | Sold |
| 0332-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 | 853 Arrowhead Villas Road, Arrowhead Villas, CA 92407 | $22,483.53 | Sold |
| 0490-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 | Vacant land, 42829 Harper Lake Rd., Hinkley, CA 92347 | $89,561.29 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $34,200.02 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $9,592.37 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |

| | | | |
|---|---|---|---|
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0493-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 | Vacant land in San Bernardino County | $1,822.11 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $4,257.43 | Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0502-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 | Vacant land in San Bernardino County | $6,737.18 | Sold |
| 0502-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 | Vacant land in San Bernardino County | $2,220.68 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.52 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.42 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $2,707.65 | Sold |
| 0515-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 | 41239 Coventry Rd., Newberry Springs, CA 92365 | $6,995.12 | Sold |
| 0515-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 | Vacant land in San Bernardino County | $1,495.61 | Sold |
| 0602-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 | Vacant land, Outpost, Joshua Tree, CA 92252 | $4,714.68 | Not Sold |
| 0606-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 | Vacant land in San Bernardino County | $13,591.83 | Sold |
| 0611-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 | 71824 Cove View Rd., Tweentynine Palms, CA 92277 | $4,189.28 | Sold |
| 0630-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 | Botkin Rd., Landers, CA 92285 | $6,004.26 | Sold |
| 0648-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 | Vacant land in San Bernardino County | $3,124.28 | Pending Sale |
| 3128-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 | Vacant land in San Bernardino County | $5,873.22 | Sold |

5. On May 28, 2019, the Debtor filed her Schedules and listed all twenty-nine Properties as part of her bankruptcy estate. *See* Schedule A/B [Docket No. 15].

6. On May 28, 2019, the Debtor filed a Chapter 13 Plan [Docket No. 16].

7. On June 5, 2019, the Debtor filed Debtor's Notice of (1) 11 U.S.C. Section 341(a) Meeting of Creditors, and (2) Hearing on Confirmation of Chapter 13 Plan and Modification of Secured Claim(s) By Plan, With Copy of Chapter 13 Plan (the "Plan") [Docket No. 27].

# III.

## THE DEBTOR'S TREATMENT OF THE COUNTY'S CLAIM IS WHOLLY INADEQUATE AND THE PLAN IS NOT FEASIBLE

As set forth above, the County was owed not less than approximately $360,000.00 in delinquent taxes as of the Petition Date on account of 29 different Properties yet the Debtor only accounted for $12,726.12 of the County's claim on one of the Properties. These taxes will continue to accrue applicable penalties and interest until paid in full.

Moreover, in order to cure the County's delinquent taxes during the life of the Debtor's Plan, the Debtor must pay in excess of $9,100.00 per month for 60 months yet the Debtor only proposes to pay $212.10 per month with zero percent interest under the Plan. *See* Plan, p. 7, Section 3B. Thus, the Debtor's treatment of the County's claim is entirely inadequate and the Plan is not feasible.

Section 1325(a)(6) of the United States Bankruptcy Code provides:

. . . [T]he court shall confirm a plan if— . . .

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

*see* 11 U.S.C. § 1325(a)(6).

Thus, confirmation should be denied where the Debtor provides no evidence of her ability to make all payments under the Plan under Section 1325(a)(6) of the Bankruptcy Code. *See In re Gavia*, 24 B.R. 573, 574 (B.A.P. 9th Cir. 982) ("One requirement for confirmation of a Chapter 13 plan is proof that the debtor will be 'able to make all payments under the plan and to comply with the plan.' 11 U.S.C. § 1325(a)(6). This is the so called feasibility requirement").

Given the Debtor's history and the inadequacies presented in the Debtor's Plan, the County is not satisfied that the Debtor has the present and future financial capability to comply with the terms of the Plan whether on its face or as modified. Clearly, there are many deficiencies associated with this Plan, including issues of feasibility, the total amount of the County's claim and total disregard for the claims of other creditors listed in the Debtor's Schedules.

## IV.

## THE DEBTOR CANNOT MODIFY OR ALTER THE COUNTY'S SECURED TAX CLAIM UNDER ANY CIRCUMSTANCES

The Debtor has no legal grounds to modify the County's secured claim respecting one of the Properties and has provided erroneous claim and valuation information and without attaching mandatory Court forms for a proposed modification.  Therefore, the Debtor's unfounded request must be denied.

## V.

## RESERVATION OF RIGHTS

The County expressly reserves its right to supplement and/or amend this Opposition and to introduce evidence at any hearing related to this Opposition.

## VI.

## CONCLUSION

WHEREFORE, the County respectfully requests that this Court (i) sustain its Opposition to confirmation of the Plan; and (ii) provide such further relief as the Court deems just and proper.

Dated: June 14, 2019         **STECKBAUER WEINHART, LLP**

By:  /s/ Barry S. Glaser
       Barry S. Glaser
Attorneys for San Bernardino County Treasurer – Tax Collector

# DECLARATION OF KELLY R. MCKEE

I, Kelly R. McKee, declare as follows:

1. I am the Tax Sale Manager for the San Bernardino County Treasurer and Tax Collector (the "County"). I submit this declaration in support of the County's Opposition to Chapter 13 Plan (the Opposition) in the above-referenced bankruptcy filed by debtor Brigitte Lyn LaMonte (the "Debtor"). I have personal knowledge of the matters which are stated herein and, if called upon as a witness, I could and would competently testify thereto.

2. I am one of the custodians of the books, records and files of the County that pertain to the Property. I have personally worked on these books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them upon my review of the County's records. These books, records and files were made at or about the time of the events recorded, and are maintained in the ordinary course of the County's business at or near the time of the actions, conditions or events to which they relate by a person who had personal knowledge of the event being recorded and has or had a business duty to record such event accurately. A part of my responsibilities include calculating and analyzing the amount of secured and unsecured property taxes, including penalties, interest and other charges which are owed to the County and pursuing the collection of delinquent taxes.

3. As the Tax Sale Manager for the County, I am aware that on or about May 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

4. Based upon my review of the County's books and records, the Debtor and/or various trusts formed by the Debtor on her behalf constitute the record owners of twenty-nine (29) properties located in San Bernardino County. Based upon the Debtor's tax delinquencies, each of the properties were eligible for a tax sale and were scheduled for public auction commencing on May 11, 2019 through May 17, 2019.

5. Of these twenty-nine (29) properties, seven (7) properties were not sold. However, the County is authorized under state law to re-offer these unsold properties at the re-offer auction within 90 days of the original sale date, which is scheduled to take place starting August 3rd

through August 9th, 2019.

6. Below is a chart describing each of the Properties along with the tax defaulted amounts representing the total sum of $358,556.16 as of the Petition Date as well as the status of the recent sale:

| APN | Property Address | Delinquent Taxes as of Petition Date | Status |
|---|---|---|---|
| 0296-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 | 9 Fredalba, Running Springs, CA 92382 | $4,272.70 | Sold |
| 0300-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 | 12273 Overcrest Drive, Yucaipa, CA 92399 | $34,079.63 | Sold |
| 0322-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 | 12029 Bryant Street, Yucaipa CA 92399 | $26,860.06 | Sold |
| 0322-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 | 12035 Bryant Street, Yucaipa CA 92399 | $9,485.01 | Sold |
| 0322-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 | 35364 Yucaipa Blvd., Yucaipa, CA 92399 | $14,116.87 | Sold |
| 0331-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 | 302 Hemlock Drive, Lake Arrowhead, CA 92353 | $34,353.97 | Sold |
| 0332-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 | 853 Arrowhead Villas Road, Arrowhead Villas, CA 92407 | $22,483.53 | Sold |
| 0490-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 | Vacant land, 42829 Harper Lake Rd., Hinkley, CA 92347 | $89,561.29 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $34,200.02 | Not Sold |
| 0490-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 | Vacant land in San Bernardino County | $9,592.37 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0490-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 | Vacant land in San Bernardino County | $3,674.24 | Sold |
| 0493-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 | Vacant land in San Bernardino County | $1,822.11 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $4,257.43 | Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0496-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 | Vacant land in San Bernardino County | $2,559.93 | Not Sold |
| 0502-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 | Vacant land in San Bernardino County | $6,737.18 | Sold |
| 0502-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 | Vacant land in San Bernardino County | $2,220.68 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.52 | Sold |
| 0504-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 | Vacant land in San Bernardino County | $1,674.42 | Sold |

| | | | |
|---|---|---|---|
| 0504-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 | Vacant land in San Bernardino County | $2,707.65 | Sold |
| 0515-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 | 41239 Coventry Rd., Newberry Springs, CA 92365 | $6,995.12 | Sold |
| 0515-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 | Vacant land in San Bernardino County | $1,495.61 | Sold |
| 0602-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 | Vacant land, Outpost, Joshua Tree, CA 92252 | $4,714.68 | Not Sold |
| 0606-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 | Vacant land in San Bernardino County | $13,591.83 | Sold |
| 0611-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 | 71824 Cove View Rd., Twenty nine Palms, CA 92277 | $4,189.28 | Sold |
| 0630-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 | Botkin Rd., Landers, CA 92285 | $6,004.26 | Sold |
| 0648-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 | Vacant land in San Bernardino County | $3,124.28 | Pending Sale |
| 3128-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 | Vacant land in San Bernardino County | $5,873.22 | Sold |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 11, 2019, at San Bernardino, California.

*/s/ Kelly R. McKee*
Kelly R. McKee

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

20030.055/4831-5826-4985.1

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 S. Hope Street, 36th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO CHAPTER 13 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KELLY R. MCKEE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 14, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rod Danielson (TR)    notice-efile@rodan13.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 14, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

***Debtor, In Pro Per***
Brigitte Lyn LaMonte
35364 Yucaipa Blvd
Yucaipa, CA 92399

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 14, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
Hon. Wayne Johnson
United States Bankruptcy Court
3420 Twelfth Street, Crtrm 304
Riverside, CA 92501

Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2019 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

20030.055/4825-9985-2954.1